In the Matter of ROBERN SHOE MFG. CORP. et al., Appellants. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeals by employers from decisions of the Unemployment Insurance Appeal Board, sustaining the imposition of penalties upon the employers pursuant to subdivision 4 of section 575 of the Labor Law. The employers had shut down their plants for a vacation period during the summer of 1952, pursuant to collective bargaining agreements between the employers and the labor union. Some of the employees of the appellants filed claims for unemployment insurance benefits as soon as the plants were closed. Requests for wage information were sent to the appellants by the commissioner but the appellants did not furnish the requested information within the seven days required by statute because there were no employees in their offices during the shutdown period. Immediately upon the reopening of the plants, the appellants supplied the information to the commissioner. Penalties of $10 with respect to each of the requests with which the appellants did not comply within the seven days, were assessed against the appellants.

The only excuse allowed under the statute is that the "failure to comply was due to circumstances beyond his control". The board found that the failure was not due to circumstances beyond the appellants' control and therefore upheld the imposition of the penalties. We are bound by the factual determination by the board on this issue (*Matter of Rumsey Mfg. Corp. [Corsi]*, 296 N. Y. 113). However, it was stipulated upon the oral argument of the appeals that the commissioner had adopted a policy of canceling the penalty for a late return of information in response to a request, if it were found that the claimant, concerning whom the information had been requested, was not entitled to benefits under the law. It appears that the claimants in the cases which gave rise to the penalties here involved were not entitled to benefits, since the plants had been shut down pursuant to an agreement made on their behalf (*Matter of Naylor [Shuron Opt. Co.— Corsi]*, 306 N. Y. 794; *Matter of Rakowski [Mohawk Carpet Mills — Corsi]*, 276 App. Div. 625), although that point had not been firmly settled at the time when the claims were filed. Upon the argument of the appeals, the Attorney-General sought to differentiate these cases from those in which penalties had been remitted in accordance with the established policy, upon the ground that, at the time of the filing of the claims, it was erroneously believed that the claimants were entitled to benefits and that, in fact, in some of the cases benefits had actually been paid. But the board did not decide the cases upon this theory. In its decision, the board took no cognizance of the established policy of the commissioner and, in fact, it decided the cases upon a theory in conflict with it. The board approved and adopted the statement of the Referee that: "The fact that the employees for whom wage information was requested were ineligible for benefits during the vacation shutdown is not material". In this situation, we believe that the cases should be remitted to the board so that the board may give further consideration to the question of whether penalties may fairly be imposed in these cases, in the light of the established policy of the commissioner (cf. *Securities Comm.* v. *Chenery Corp.,* 318 U. S. 80; 332 U. S. 194). Decisions appealed from are reversed and the cases are remitted to the Unemployment Insurance Appeal Board for further consideration, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.